**Levy Goldstein, trading as L. Goldstein & Company, Defendant in Error, v. Gustave Freudenberg, trading as G. Freudenberg & Company, Plaintiffs in Error.**

### Gen. No. 19,486.    (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. HENRY C. BEITLER, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1914. Affirmed. Opinion filed December 31, 1914.

## Statement of the Case.

Action of the fourth class in the Municipal Court of Chicago by Levy Goldstein, trading as L. Goldstein & Company, against Gustave Freudenberg, trading as G. Freudenberg & Company, to recover $242.50 alleged to be due from defendant to plaintiff as a commission for securing a purchaser for certain real estate. Plaintiff's statement of claim was as follows:

"On or about December, 1909, plaintiff and defendant, were both duly licensed real estate brokers in the City of Chicago. Plaintiff further represents that on or about said time, the said defendant had listed for sale a certain property at No. 1435 Milwaukee avenue by one Mandel Brown. Plaintiff. further alleges that the

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

said defendant, through his agent, Herman Weinberger, submitted the aforesaid real estate to plaintiff for the purpose of securing a purchaser therefor, and that said defendant through his said agent agreed to pay plaintiff one-half of any and all sums which he would receive as compensation for the sale of said real estate to any customer secured by said plaintiff. Plaintiff further alleges that he secured one L. Herman as a purchaser for said premises and that the said defendant has received as compensation for the sale of said premises, the sum of four hundred and eighty-five dollars ($485), one-half of which amounting to two hundred forty-two dollars and fifty cents ($242.50), and said defendant refused and still refuses to pay said sum, to the damage of the plaintiff in the sum of two hundred forty-two dollars and fifty cents ($242.50), therefore he brings his suit.''

The defendant filed an affidavit of merits, the material part of which was as follows:

''Defendant denied that he did heretofore at any time have listed for sale a certain property at No. 1435 Milwaukee avenue, by one Mandel Brown. This affiant further denies that one Herman Weinberger was at any time heretofore his duly authorized agent for any purpose whatsoever. This affiant further denies that he did at any time heretofore offer Herman Weinberger or any one else whatsoever the real estate at No. 1435 Milwaukee avenue to the plaintiff for the purpose of securing a purchaser for said real estate; and defendant further denies that he agreed to pay to the plaintiff one-half of any sums which he would receive as compensation for the sale of said real estate.''

The case was tried by the court without a jury; the issues were found against the defendant and the plaintiff's damages were assessed at $177.50. A motion for a new trial was overruled. To reverse a judgment entered on the finding, defendant prosecutes a writ of error.

SHAEFFER & KOMPEL, for plaintiff in error.

Goldstein v. Freudenberg, 191 Ill App. 63.

I. B. PERLMAN and H. J. ROSENBERG, for defendant in error.

MR. JUSTICE SCANLAN delivered the opinion of the court.

## Abstract of the Decision.

1. BROKERS, § 88*—*when finding of court not contrary to law.* In a suit by one real estate agent against another for a commission for procuring a purchaser for real estate, where it was alleged that an agent of defendant had listed the property with plaintiff, *held* under the evidence that a finding in favor of plaintiff was not contrary to law for the reason that the alleged agent was without authority to act for defendant or that he exceeded his authority.

2. BROKERS, § 84*—*admissibilty of evidence.* In a suit by one real estate agent against another to recover a commission for procuring a purchaser for real estate listed with plaintiff by an alleged agent of defendant, *held* that the evidence was sufficient to show that the alleged agent was an agent of the defendant so as to justify the admission of the testimony of plaintiff as to a conversation he claimed to have with such person as defendant's agent.

3. EVIDENCE, § 173*—*when telephone conversation admissible.* A telephone conversation is admissible where it was held by the plaintiff with the defendant, at the defendant's place of business or with someone there that professed to represent him, and where it was in relation to the business of the defendant carried on at that place.

4. APPEAL AND ERROR, § 1512*—*when action of court in stopping witness not reversible error.* The trial court is not shown to have erred in excluding evidence offered by defendant, where the defendant as a witness was asked a question by his counsel and the witness answered it and then proceeded to say more, and the court stopped him with the remark: "Don't say anything more," it also appearing that counsel for defendant not only failed to object to the action of the court, but expressly acquiesced therein.

5. APPEAL AND ERROR, § 1506*—*when refusal to permit witness to testify not reversible error.* Action of trial court in refusing to permit a witness to testify, *held* not an abuse of discretion requiring a reversal, where it appeared the witness violated a rule excluding witnesses from the courtroom, and no objection was made to the action of the court nor any showing made that he would testify to any fact material to the issues in the case.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.